UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE M. ADAMIK,<br><br>Petitioner,<br><br>v.<br><br>SAN JOAQUIN COUNTY SUPERIOR COURT, et al.,<br><br>Respondents. | No. 2:24-cv-01889-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION DUE TO PETITIONER'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS<br><br>(Doc. No. 6) |

Petitioner Nicole M. Adamik is a county jail inmate proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 24, 2024, petitioner filed the petition initiating this action. (Doc. Nos. 1, 2.) On July 18, 2024, the assigned magistrate judge ordered petitioner to complete an *in forma pauperis* application or pay the required filing fee within thirty days. (Doc. No. 4.) Petitioner did not respond to the court's order. Accordingly, on September 30, 2024, the magistrate judge ordered petitioner to show cause why this habeas action should not be dismissed due to petitioner's failure to pay the required filing fee, to prosecute, and to comply with court orders. (Doc. No. 5.) Petitioner again did not respond to the court's order to show cause.

Accordingly, on November 5, 2024, the magistrate judge issued findings and recommendations recommending that this action be dismissed, without prejudice, due to petitioner's failure to comply with the court's orders and failure to prosecute this action. (Doc. No. 6.) The findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service.[1] (*Id*. at 3.) To date, petitioner has not filed any objections and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

/////

---

[1] The service copy of the pending findings and recommendations was served by mail on petitioner at her address of record but was returned to the court as "undeliverable, not here." (*See* Doc. No. 6.) Petitioner was thus required to file a notice of her change of address with the court no later than January 21, 2025. To date, petitioner has not filed a notice of her change of address or otherwise communicate with the court. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective, and it is the petitioner's responsibility to keep the court apprised of her current address at all times.

Accordingly,

1. The findings and recommendations issued on November 5, 2024 (Doc. No. 6) are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 2) is DISMISSED, without prejudice;
3. The court DECLINES to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 25, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3